UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Constantine Iatrellis,

                    Plaintiff,

vs.

Kay Jewelers d/b/a Sterling Jewelers, Inc.,

                    Defendant.

**COMPLAINT**

For this Complaint, Plaintiff, Constantine Iatrellis, by undersigned counsel, states as follows:

## JURISDICTION

1.    This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.    Plaintiff, Constantine Iatrellis ("Plaintiff"), is an adult individual residing in Miami, Florida, and is a "person" as defined by 47 U.S.C. § 153(39).

4.    Defendant, Kay Jewelers d/b/a Sterling Jewelers, Inc. ("Kay Jewelers"), is a business entity with an address of 375 Ghent Road, Akron, Ohio 44333, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.      Within the last year, Kay Jewelers began calling Plaintiff's cellular telephone, number 786-xxx-7901, using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or using an artificial or prerecorded voice.

6.      Kay Jewelers left prerecorded messages for Plaintiff.

7.      On or about May 11, 2016, Plaintiff spoke with a live representative and demanded that all calls to him cease.

8.      Nevertheless, Kay Jewelers continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ*.

9.      Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

10.     At all times mentioned herein, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

11.     Defendant continued to place automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

12.     The telephone number called by Defendant was and is assigned to a cellular telephone serviced by AT&T for which Plaintiff incurs charges pursuant to 47 U.S.C. § 227(b)(1).

13.     Plaintiff was annoyed, harassed and inconvenienced by Defendant's continued calls.

14. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

15. Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

16. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 6, 2016

Respectfully submitted,

By /s/ Stan Michael Maslona
Stan Michael Maslona, Esq.
Lemberg Law, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
smaslona@lemberglaw.com